IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2144-FL

| | | |
|---|---|---|
| MICHAEL J. TROTMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT JONES, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on the motion for summary judgment (DE # 8) pursuant to Federal Rule of Civil Procedure 56 of respondent Robert Jones ("respondent"). Petitioner did not respond to respondent's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

## STATEMENT OF CASE

On March 3, 2010, petitioner pleaded guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), in the Camden County Superior Court to statutory rape pursuant to N.C. Gen. Stat. § 14-27.7A. Resp't's Mem. in Supp. Ex. 1. Petitioner was sentenced to a mitigated-range term of two-hundred thirty (230) to two hundred eighty-five (285) months' imprisonment. Id. Ex. 2. Petitioner did not file a direct appeal.[1]

---

[1] It appears that petitioner filed a notice of appeal in this case, but later withdrew his appeal. See Pet. Attach.

Petitioner subsequently filed a *pro se* motion for appropriate relief ("MAR") in the Camden County Superior Court, which was denied on May 20, 2010. Id. Ex. 3. On June 29, 2011, petitioner filed a *pro se* petition for writ of certiorari in the North Carolina Court of Appeals. Pet. Attach. The Court of Appeals denied the petition on July 15, 2011. Id.

On July 27, 2011, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. On December 22, 2011, respondent filed a motion for summary judgment, arguing that petitioner's claim is without merit. Although he was notified of respondent's motion, petitioner failed to file a response.

## DISCUSSION

A.  Motion for Summary Judgment

    1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have

2

Case 5:11-hc-02144-FL   Document 11   Filed 08/06/12   Page 2 of 7

been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear

3

and convincing evidence. See 28 U.S.C. § 2254(e)(1).

2.  Analysis

Petitioner alleges his trial counsel was ineffective because his counsel failed to investigate his criminal charges. Specifically, petitioner asserts that because of victim's age at the time of the offense and the fact that she was his step-daughter, he should have been charged under N.C. Gen. Stat. § 14-27.7(a), instead of N.C. Gen. Stat. § 14-27.7A. Petitioner raised his ineffective assistance of counsel claim in the MAR court, which denied his claim.

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel at trial and on direct appeal. See Bobby v. Van Hook, 130 S.Ct. 13, 16 (2009) (per curiam). To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A guilty plea is made knowingly and voluntarily if the defendant is fully aware of the direct consequences of his guilty plea, unless it was induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps

4

by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes). Brady v. United States, 397 U.S. 742, 755 (1970). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea hearing, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Additionally, "[t]he representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blacklege v. Allison, 431 U.S. 63, 73-74 (1977).

Here, petitioner testified at the plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses.[2] See Resp't's Mem. Ex. 1. Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence. Id. He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. Id. After listening to petitioner's response to the guilty plea colloquy in open court and observing petitioner's demeanor, the trial court judge found as a fact that petitioner was competent to stand trial. Id. Petitioner's in-court representations during his guilty plea hearing are deemed conclusive and the plea is found to have been knowingly and voluntarily entered with the advice of competent counsel. See Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984). Moreover, petitioner has offered nothing to

---

[2] Petitioner's sentencing transcript states as follows: "Defendant will plead to one count of statutory rape with a victim 14-16 yrs old. The State agrees that the defendant will be sentenced in the mitigated range to 230 months minimum to 285 months maximum. All other charges associated with these facts and/or victim will be dismissed. Sentence to run concurrent with any other." Resp't's Mem. Ex. 1.

show that the outcome of the trial would have been materially different, nor has he shown that the MAR court's ruling on this issue reached a result contrary to, or involved an unreasonable application of, clearly established federal law. Likewise, the state court's ruling was not based upon an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. Thus, this claim is without merit.

B. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting

Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 8) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 4th day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge